## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| JEFFREY NUZIARD, *et al.*, | Case No. 4:23-cv-00278-P |
| Plaintiff, | District Judge Mark T. Pittman |
| v. | |
| MINORITY BUSINESS DEVELOPMENT AGENCY, *et al.*, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Minority Business Development Agency (MBDA), President of the United States, Joseph R. Biden, Jr., United States Secretary of Commerce, Gina M. Raimondo, and Under Secretary of Commerce for Minority Business Development Donald R. Cravins Jr., (collectively "Defendants"), through their undersigned attorneys, hereby answer the Complaint of Plaintiffs Jeffrey Nuziard, Matthew Piper, and Christian Bruckner (collectively "Plaintiffs") and assert their affirmative defenses as follows. Defendants deny each and every allegation not expressly admitted below.

1.      Defendants admit that Plaintiffs purport to assert a claim under the United States Constitution but deny that the Complaint states such a claim and deny that they have violated the Constitution. Defendants deny that MBDA is dedicated to helping only some races, but not others, and deny any remaining allegations in paragraph 1 of the Complaint.

2.      Defendants admit that President Biden signed the Infrastructure Investment and Jobs Act ("Infrastructure Act") on November 15, 2021, after it passed with bipartisan majorities

in both chambers of the United States Congress. Defendants deny that the MBDA was

created via the Infrastructure Act. The MBDA has existed since 1969 and the

Infrastructure Act made the MBDA a *statutorily authorized* agency. Defendants deny any

remaining allegations in paragraph 2 of the Complaint.

    3.      Defendants deny that the MBDA violates the Constitution. The allegations

in this paragraph consist of mischaracterizations and erroneous legal conclusions.

    4.      Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 4 of the Complaint regarding

Plaintiffs' businesses and interest in MBDA programs.  Defendants deny the remaining

allegations in paragraph 4 of the Complaint.

    5.      Defendants admit that Plaintiffs seek declaratory and injunctive relief in

their Complaint.

    6.       Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations regarding Plaintiff Nuziard, his business, and his

interest in MBDA services. Defendants deny that Nuziard is ineligible for MBDA

assistance because he is white and deny the remaining allegations in paragraph 6 of the

Complaint.

    7.      Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations regarding Plaintiff Piper, his business, and his

interest in MBDA services. Defendants deny that Piper is ineligible for MBDA assistance

because of the color of his skin and deny the remaining allegations in paragraph 7 of the

Complaint.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Bruckner, his business, and his interest in MBDA services.

9.      Defendants admit that the MBDA is a federal agency within the United States Department of Commerce per 15 U.S.C. § 9502(a).

10.     Defendants admit that Defendant Joseph R. Biden, Jr. is the President of the United States. Defendants admit that President Biden is bound by the U.S. Const., art. II § 3. Defendants admit that President Biden is sued in his official capacity.

11.     Defendants admit that Defendant Gina M. Raimondo is the United States Secretary of Commerce. Defendants admit that in that role, she oversees agencies within the Department of Commerce, including the MBDA. Defendants admit that Secretary Raimondo is sued in her official capacity.

12.     Defendants admit that Defendant Donald R. Cravins Jr. is the Under Secretary of Commerce for Minority Business Development. Defendants admit that Defendant Cravins is responsible for the administration of the MBDA. Defendants admit that Under Secretary Cravins is sued in his official capacity. To the extent that Plaintiffs mischaracterize facts, Defendants deny any remaining allegations in paragraph 12 of the Complaint.

13.     Defendants admit that 28 U.S.C. §§ 1331 and 2201 and 5 U.S.C. § 702 provide jurisdiction to federal courts but deny that this Court has subject-matter jurisdiction over the Complaint and deny any remaining allegations in paragraph 13 of the Complaint.

14.     Defendants admit paragraph 14 of the Complaint.

15.     Defendants deny that they have taken discriminatory actions against P laintiffs in this or any other district. Defendants deny that MBDA maintains an office within this district but

admit that MBDA funds services in the district through a cooperative agreement with an independent entity. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Plaintiff's residence and business in paragraph 15 of the Complaint.

16.     Defendants admit that President Biden signed an executive order on January 20, 2021, which applies to the federal government. Defendants admit the accuracy of the quoted text of the Order. To the extent that Plaintiffs misconstrue and mischaracterize the Order and the quoted text, Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     Defendants admit that Defendant Biden signed the Infrastructure Act into law on November 15, 2021. Defendants deny that the MBDA was created by Congress through the passage of this act. The MBDA was created in 1969 and is therefore not a "new agency." Defendants admit that the Infrastructure Act authorized Congress to appropriate up to $110 million for each fiscal year through fiscal year 2025 for the operation of the MBDA.

18.     Defendants admit that the website cited in paragraph 18 states: "The mission of the Minority Business Development Agency (MBDA) is to promote the growth of minority owned businesses through the mobilization and advancement of the public and private sector programs, policy, and research." Defendants admit that 15 U.S.C. § 9502(e)(2)(A) requires the Under Secretary to establish regional offices. To the extent that Plaintiffs misconstrue 15 U.S.C. § 9502(e)(2)(A), Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Defendants admit that Defendant Biden signed into law an executive order on February 16, 2023. Defendants admit that the order instructed his administration to "create equitable economic opportunity and advance projects that build community wealth." To the extent that Plaintiffs mischaracterize and misconstrue the Order, Defendants deny any remaining allegations in paragraph 19 of the Complaint.

20.     Defendants admit the accuracy of the quoted text in paragraph 20 of the Complaint. To the extent that Plaintiffs misconstrue and mischaracterize the quoted language, Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs misconstrue and mischaracterize the quoted language, Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22.     Defendants admit the allegations in paragraph 22 of the Complaint.

23.     Defendants deny that the MBDA must provide federal assistance only to minority businesses. Defendants admit the accuracy of the quoted text in the remainder of paragraph 23 of the Complaint.

24.     Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs mischaracterize or misconstrue the statute, Defendants deny the remaining allegations of paragraph 24 of the Complaint.

25.     Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs mischaracterize or misconstrue the statute, Defendants deny the remaining allegations of paragraph 25 of the Complaint.

26.     Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs mischaracterize or misconstrue the statute, Defendants deny the remaining allegations of paragraph 26 of the Complaint.

27.     Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs mischaracterize or misconstrue the statute, Defendants deny the remaining allegations of paragraph 27 of the Complaint.

28.     Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs mischaracterize or misconstrue the statute, Defendants deny the remaining allegations of paragraph 28 of the Complaint.

29.     Defendants deny that "MBDA assistance is available only for select minority business enterprises owned by individuals of certain racial or ethnic backgrounds." Defendants admit that to qualify as a "minority business enterprise," a business enterprise must be "not less than 51 percent-owned by 1 or more socially or economically disadvantaged individuals" and its management and daily business operations must be "controlled by 1 or more socially or economically disadvantaged individuals." 15 U.S.C. § 9501(9)(A). Defendants also admit that 15 C.F.R. § 1400.1(b) states: "[i]n order to be eligible to receive assistance from MBDA funded organizations, a concern must be a minority business enterprise. A minority business enterprise is a business enterprise that is owned or controlled by one or more socially or economically disadvantaged persons." 15 C.F.R. § 1400.1(b). To the extent that Plaintiffs mischaracterize the statute or regulations, Defendants deny any remaining allegations in paragraph 29 of the Complaint.

30.     Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs mischaracterize or misconstrue the statute and regulation, Defendants deny the remaining allegations of paragraph 30 of the Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Nuziard and his observations and alleged eligibility for MBDA assistance. Defendants deny that Nuziard is ineligible for MBDA assistance because he is white.

33.     Defendants admit that Plaintiffs provided a screenshot from the Dallas Fort Worth MBDA Business Center. To the extent that Plaintiffs mischaracterize and misconstrue the screenshot, Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants admit that Senator Baldwin joined Defendant Cravins in Milwaukee, Wisconsin for a ribbon cutting ceremony to celebrate the new Wisconsin MBDA Business Center on January 20, 2023. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Piper's interests or alleged actions. Defendants admit the accuracy of the quoted text but, to the extent that Plaintiffs misconstrue or mischaracterize the quote, Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Defendants deny that Plaintiff Bruckner contacted the MBDA directly. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Defendants admit that Orlando is not the only MBDA Business Center in Florida. Defendants deny the remainder of the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegation that Plaintiffs encounter barriers to equal treatment nationwide and that Plaintiffs' alleged barriers are due to the alleged racially discriminatory nature of the MBDA's authorizing statutes and MBDA's policies. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint.

45.     Defendants admit that Plaintiffs provided a screenshot from the New Mexico MBDA Business Center. To the extent that Plaintiffs mischaracterize and misconstrue the screenshot, Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46. Defendants admit that Plaintiffs provided a screenshot from the Sacramento MBDA Business Center. To the extent that Plaintiffs mischaracterize and misconstrue the screenshot, Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47. Defendants admit that 15 U.S.C. § 9524(i) directs the Under Secretary to "issue and publish regulations that establish minimum standards regarding verification of minority business enterprise status" for the MBDA Business Center Program. The allegations in this paragraph consist of mischaracterizations and erroneous legal conclusions, and as such, Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48. Defendants admit that Plaintiffs provided a screenshot from the Arizona MBDA Business Center. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Complaint.

49. Defendants admit that Plaintiffs provided a screenshot from the Denver MBDA Business Center. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Complaint.

50. Defendants admit that Plaintiffs provided a screenshot from the Georgia MBDA Business Center. To the extent that Plaintiffs mischaracterize and misconstrue the screenshot, Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

## COUNT ONE

55.     Defendants admit that Plaintiffs seek to reallege and incorporate the allegations set forth in their Complaint, and Defendants incorporate by reference their responses to each allegation as set forth above.

56.     Defendants deny the allegations set forth or otherwise implied in paragraph 56 of the Complaint.

57.     Defendants admit that paragraph 57 accurately quotes the cited case law but deny any allegations that may be otherwise implied in paragraph 57 of the Complaint.

58.     Defendants admit that paragraph 58 accurately quotes the cited case law but deny any allegations that may be otherwise implied in paragraph 58 of the Complaint.

59.     To the extent that Plaintiffs misconstrue and mischaracterize the statutory definitions provided in 15 U.S.C. § 9501, including §§ 9501(9) and (15), Defendants deny the allegations set forth in paragraph 59 and deny any allegations that may be otherwise implied in paragraph 59 of the Complaint.

60.     Defendants admit that they are responsible for funding and facilitating the MBDA Business Center Program and other MBDA programs but deny the remaining allegations in paragraph 60 of the Complaint.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' businesses. Defendants deny that Plaintiffs are ineligible for MBDA assistance because of their race.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

## COUNT TWO

65.     Defendants admit that Plaintiffs seek to re-allege and incorporate the allegations set forth in their Complaint, and Defendants incorporate by reference their responses to each allegation as set forth above.

66.     Defendants admit that Plaintiffs accurately quote language from 5 U.S.C. § 706(2)(B) of the Administrative Procedure Act, but deny any allegations that may be otherwise implied in paragraph 57 of the Complaint.

67.     To the extent that Plaintiffs misconstrue and mischaracterize both 15 C.F.R. § 1400.1 and the Infrastructure Act, Defendants deny the allegations set forth in paragraph 67, and deny any allegations that may be otherwise implied in paragraph 67 of the Complaint.

68.     Defendants admit that they are responsible for funding and facilitating the MBDA Business Center Program and other MBDA services but deny the remaining allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

## REQUEST FOR RELIEF

Paragraphs (A)-(D) of the Complaint constitute plaintiffs' demand for judgment and include no factual allegations requiring a response. Defendants deny that plaintiffs are entitled to the relief sought or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Court lacks subject-matter jurisdiction over the Complaint.

3.     Plaintiffs failed to exhaust administrative remedies as to certain claims asserted.

4.      The Complaint fails to state a claim upon which attorneys' fees or costs

can be awarded.

5.      The damages claimed by plaintiffs are barred to the extent that they are

speculative in nature.

6.      Defendants reserve the right to assert additional affirmative defenses of

which they become knowledgeable during the course of discovery.

WHEREFORE, defendants pray for judgment as follows:

1.      The plaintiffs take nothing by reason of the Complaint, and that the same be dismissed

with prejudice on the merits;

2.      The judgment be entered for Defendants;

3.      The Defendants recover their costs of suit herein; and

4.      The Defendants be granted such relief as the Court deems just and proper.


Dated: June 26, 2023

                                    Respectfully submitted,

                                    KAREN WOODARD
                                    Chief
                                    Employment Litigation Section
                                    Civil Rights Division
                                    United States Department of Justice

                                    ANDREW BRANIFF (IN Bar No. 23430-71)
                                    Deputy Chief

                                    /s/      Vendarryl Jenkins
                                    VENDARRYL JENKINS (DC Bar No. 1724928)
                                    CHRISTOPHER WOOLLEY (CA Bar No. 241888)
                                    Trial Attorneys
                                    United States Department of Justice
                                    Civil Rights Division
                                    Employment Litigation Section

150 M Street NE, 9th Floor
Washington, DC  20530
(202) 598-1671
vendarryl.jenkins@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, a true and accurate copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.


*/s/ Vendarryl Jenkins*
Vendarryl Jenkins (D.C. Bar No. 1724928)