IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JEFFREY NUZIARD, et al.,

    Plaintiffs,

v.

MINORITY BUSINESS
DEVELOPMENT AGENCY, et al.

    Defendants.

Case No. 4:23-cv-00278-P

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

The parties, through their respective counsel, having reviewed and discussed the plans set forth below, hereby submit this Joint Report Regarding Contents of Scheduling Order ("Joint Report") pursuant to the Court's Order on June 20, 2023.

**1. Scheduling Conference.**

On June 30, 2023, each party through its designated attorney—attorney for Plaintiffs, Jason Nash, and AUSA Brian Stoltz on behalf of Defendants—conferred in-person, face-to-face in Fort Worth, Texas regarding this Joint Report. At this time, the parties do not expect to obtain a settlement of this case.

**2. Brief Statement on Claims and Defenses.**

This action arises under the Fifth Amendment to the United States Constitution and the Administrative Procedure Act (APA). More specifically, Plaintiffs contend that Defendants' implementation of the race and ethnicity eligibility requirements for Minority Business Development Agency (MBDA) programs, as defined at 15 U.S.C. § 9501 and 15 C.F.R. § 1400.1,

are unconstitutional in violation of the Fifth Amendment's equal protection guarantee and APA, 5 U.S.C. § 706(2)(B), because the classifications are not narrowly tailored to serve a compelling governmental interest. Accordingly, for their constitutional injuries, Plaintiffs seek the following relief: (1) a judgement declaring the MBDA unconstitutional and in violation of the APA to the extent the agency provides programming, services, and benefits on the basis of race or ethnicity; (2) a permanent injunction prohibiting Defendants both from imposing the race-based presumptions defined at 15 U.S.C. § 9501 and 15 C.F.R. § 1400.1 and otherwise using the term "minority" to implement any unjustified race-based presumption in MBDA programming or services; and (3) costs and attorneys' fees consistent with 28 U.S.C. § 2412 and other law.

Defendants maintain that Plaintiffs lack standing and that the MDBA statute and existing regulations, which include race-neutral criteria allowing for individualized determinations and race-conscious presumptions, are constitutional.

### 3. Amendment of Pleadings.

On May 9, 2023, the Court granted Defendants' Unopposed Motion to Stay Defendants' Responsive Pleading Deadline to 21 days after the date on which the Court issues a ruling on Plaintiffs' Motion for Preliminary Injunction. ECF Nos. 23; 25. On June 5, 2023, the Court issued an order granting Plaintiffs' Motion for Preliminary Injunction. On June 26, 2023, Defendants submitted their Answer to Plaintiffs' Complaint. Accordingly, and consistent with Fed. R. Civ. P. 15(a), the parties agree that amendment to the pleadings shall be complete by July 17, 2023.

**4. Dispositive Motions.**

The parties agree that motions for summary judgment shall be briefed, filed, and served by or before August 12, 2024. The parties request 21 days from the filing and service of the opposing party's brief for filing and serving responsive briefs, and 14 days for filing and serving reply briefs.

**5. Expert Disclosures.**

The parties agree to the time limits for the designation of experts as set forth below under Number 7.

**6. Objections to Experts.**

The parties agree that each party shall brief, file, and serve its objections to the opposing party's experts by or before April 30, 2024.

**7. Discovery Plan and Schedule.**

The parties agree that all discovery shall be complete by July 15, 2024, and may include expert discovery relating to the government's justification for the race-based programming offered by MBDA. Regarding expert discovery, the parties agree to the following schedules:

- Initial Expert Disclosures and Report: March 4, 2024
- Responsive Expert Disclosures and Report: April 16, 2024

**8. Discovery Limitations.**

The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure, the Court's local rules, and the Court's Scheduling Order.

**9. Discovery on Electronically-stored Information.**

All relevant and reasonably accessible electronically-stored information (ESI) shall be preserved in its original form. Any electronic discovery exchanged will be produced in pdf format

where feasible or some other format that facilitates meaningful use of the information. The parties reserve the right to request particular documents in native format at a later time, consistent with the discovery standards set forth under Fed. R. Civ. P. 26 and 34.

**10. Privileged Communications and Work Product.**

Other than those existing standards governing materials that are privileged and/or protected under the work product doctrine, the parties do not propose any further special handling procedures.

**11. Proposed Trial Date.**

Plaintiffs and Defendants anticipate that this case will likely be resolved on summary judgement, without need for a trial. However, should a trial be necessary, the parties anticipate that this case would be ready for trial by November 22, 2024[1] and estimate a two-day bench trial.

**12. Mediation Deadline.**

Due to the nature of this case involving Defendants' ability to satisfy constitutional standards for government race-based programming, the parties do not believe that mediation would be appropriate or conducive to resolving the case.

**13. Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).**

The parties will exchange initial disclosures via email on or before July 19, 2023 pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's Order, dated June 20, 2023.

---

[1] The Defendants request the extended discovery time in order to allow full expert discovery on the voluminous Congressional evidence considered in support of socially or economically disadvantaged business programs. Plaintiffs do not agree that this extended timeframe is necessary but do not otherwise object to Defendants' proposed timeframe.

**14. United States Magistrate Judge**

The parties acknowledge the availability of a United States magistrate judge to try this case but choose not to consent to a trial before the magistrate judge.

**15. Optional Conference with Court.**

The parties submit this Joint Report for the Court's consideration in entering a Scheduling Order and do not require further conference before the Court.

**16. Additional Proposals.**

The parties have no further scheduling or discovery proposals at this time.

The parties have discussed, and agree to, all matters addressed in this Joint Report.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1, undersigned counsel certify that on June 30, 2023, attorney for Plaintiffs, Jason Nash, and AUSA Brian Stoltz on behalf of Defendants, conferred in-person, face-to-face regarding this Joint Report, and Plaintiffs and Defendants agree to the contents of this joint submission.

Dated July 5, 2023.

Respectfully submitted,

**COUNSEL FOR PLAINTIFFS**

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

/s/ *Cara M. Tolliver*
Richard M. Esenberg *(admitted pro hac vice)*
Daniel P. Lennington *(admitted pro hac vice)*
Cara M. Tolliver *(admitted pro hac vice)*
330 East Kilbourn Avenue, Suite 725

Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Rick@will-law.org
Dan@will-law.org
Cara@will-law.org

THE LAW OFFICE OF
JASON NASH, P.L.L.C.
Jason C. Nash (Bar No. 24032894)
601 Jameson Street
Weatherford, TX 76086
Telephone: (817) 757-7062
jnash@jasonnashlaw.com

**COUNSEL FOR DEFENDANTS**

KAREN WOODARD
Chief
Employment Litigation Section
Civil Rights Division
United States Department of Justice

ANDREW BRANIFF (IN Bar No. 23430-71)
Deputy Chief

/s/ Vendarryl Jenkins
VENDARRYL JENKINS (DC Bar No. 1724928)
CHRISTOPHER WOOLLEY (CA Bar No. 241888)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street NE, 9th Floor
Washington, DC 20530
(202) 598-1671
vendarryl.jenkins@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice to all attorneys of record, and AUSA Stoltz will be provided a copy of this submission via email.

/s/ *Cara M. Tolliver*
Cara M. Tolliver