THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEFFREY NUZIARD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MINORITY BUSINESS DEVELOPMENT AGENCY, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00278-P <br><br> District Judge Mark T. Pittman |

**DEFENDANTS' MOTION TO AMEND SUMMARY JUDGMENT BRIEFING BASED ON LOCAL RULES**
_____

On July 25, 2023, this Court entered an Order scheduling Dispositive Motions on October 27, 2023. Pursuant to Local Rules 56.2 & 56.5, each Party to the matter is permitted one motion for summary judgment, and, excluding the table of contents and table of authorities, the length of a principal brief must not exceed 50 pages, and a reply brief must not exceed 25 pages. Defendants move to permit the filing of up to three motions for summary judgment on October 27, 2023. The decision to allow multiple summary judgment motions is within the discretion of the district court. *See e.g.*, *Hudson v. Cleco Corp.*, 539 F. App'x 615, 618 (5th Cir. 2013) (*per curiam*).

Defendants have good cause to file multiple motions for summary judgment. Under the Complaint, there are three distinct plaintiffs, with three distinct businesses, who have each alleged unconstitutional conduct of three distinct Business Centers. Each Business Center has a distinct set of prerequisites for participation and each Plaintiff has an individual business history and

individual record of its attempt, or lack thereof, to receive services from a Business Center or Business Centers.

As this court noted in its order granting the Plaintiffs' Motion for a Preliminary Injunction, "[t]he Supreme Court's standing precedent is like a game of telephone." Dkt. No. 27 at 4, n.1. The Court continued to note that, although it bears little resemblance to the text requiring a "case or controversy," Supreme Court precedent requires establishing: (1) injury in fact, (2) causation, and (3) redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court then asked if "rather than continuing the whispers, the Supreme Court will return to interpreting whether there is a 'case or controversy' based on its original meaning rather than create new case law to determine whether the Lujan requirements are met." *See* Dkt. No. 27 at 4, n.1 (citations omitted).

To address the standing issues for this Court, Defendants propose to address through two separate motions for partial summary judgment the respective standing arguments raised by the individual claims of Plaintiffs Piper and Bruckner. Defendants will address the remaining issues - Plaintiff Nuziard's standing, and the merits of the constitutional claims raised against the Defendants in the complaint - in a third motion for summary judgment. Defendants believe this will increase judicial efficiency and clarify the Parties' ultimate decision to make an appeal by focusing a single motion on the one plaintiff that this Court has determined has standing to maintain this cause of action based on the pleadings. Dkt. No. 27 at 8 ("[Nuziard] has standing to bring an equal protection claim.").

Because this Court has not yet ruled on the standing concerns of Nuziard's co-plaintiffs, separate briefing on the standing of those plaintiffs is appropriate and will also clarify and focus the issues for consideration of an appeal.

For these reasons, Defendants have good cause to file three motions for summary judgment based on the current schedule and under the current rules for page limits and appendices. Absent permitting this request, Defendants would Request that the Court increase the principal brief length to 75 pages.

Dated: October 16, 2023

        Respectfully submitted,

        **COUNSEL FOR DEFENDANTS**

        KAREN WOODARD
        Chief
        Employment Litigation Section
        Civil Rights Division
        United States Department of Justice

        ANDREW BRANIFF (IN Bar No. 23430-71)
        Deputy Chief

        */s/       Vendarryl Jenkins*
        VENDARRYL JENKINS (DC Bar No. 1724928)
        CHRISTOPHER WOOLLEY (CA Bar No. 241888)
        Trial Attorneys
        United States Department of Justice
        Civil Rights Division
        Employment Litigation Section
        150 M Street NE, 9th Floor
        Washington, DC  20530
        (202) 598-1671
        vendarryl.jenkins@usdoj.gov

## **CERTIFICATE OF Conference**

I hereby certify that on October 13, 2023, attorney for Plaintiffs, Cara Tolliver, and Defendants, Andrew Braniff, conferred on this request and could not come to an agreement absent an order form the Court permitting multiple briefs.

*/s/ Vendarryl Jenkins*
Vendarryl Jenkins

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice to all attorneys of record.

*/s/ Vendarryl Jenkins*
Vendarryl Jenkins