IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JEFFREY NUZIARD, et al.,

    Plaintiffs,

v.                                                   Case No. 4:23-cv-00278-P

MINORITY BUSINESS
DEVELOPMENT AGENCY, et al.,

    Defendants.

**PLAINTIFFS' RESPONSE OPPOSING IN PART AND SUPPORTING IN PART DEFENDANTS' MOTION TO AMEND SUMMARY JUDGMENT BRIEFING**

Plaintiffs Nuziard, Piper, and Bruckner respectfully submit this response opposing in part and supporting in part Defendants' motion to amend summary judgment briefing, ECF 34, and respectfully show as follows:

Pursuant to L. Civ. R. 56.2b., "a party may file no more than one motion for summary judgment." Likewise, under L. Civ. R. 56.5, "[a] summary judgment motion and a response must be accompanied by a [principal] brief," which may not exceed 50 pages. Thus, the local rules contemplate a simple and straightforward structure: a party may file a single summary judgment motion in combination with a single brief in support of the motion and a single brief in response thereto. The rule also specifically incorporates L. Civ. R. 7.2, requiring "extraordinary and compelling reasons" for filing a brief in excess of the page limitations. L. Civ. R. 7.2c.

Despite the clean simplicity of the Court's local rules, Defendants collectively ask the Court for leave to permit "multiple motions for summary judgment" on behalf of Defendants, claiming that there is "good cause" for such multiple motions and supporting briefs in this action.

ECF 34:1–2. But, as an initial matter, the governing standard here is *more* than "good cause." If Defendants wish to file "three motions for summary judgment," with three supporting briefs in this manner as "based on [] the current rules for page limits and appendices," ECF 34:2–3, this is, effectively, a request beyond the Court's limit of one principal brief of 50 pages, implicating the "extraordinary and compelling reasons" standard of L. Civ. R. 7.2—a showing Defendants surely have not made here. *See* L. Civ. R. 7.2c. and 56.5.

Even under a less demanding standard, Defendants have not articulated "good cause" for their request. They say that because there are "three distinct plaintiffs, with three distinct businesses," and "three distinct Business Centers," these facts somehow establish "good cause" warranting deviation far outside the Court's local rules for one summary judgment motion and one supporting brief. ECF 34:1. Indeed, Defendants ask the Court to multiply its rule for one summary judgment motion and one brief by a factor of three, so that briefing may proceed on a per Plaintiff basis. ECF 34:2. But the fact of multiple plaintiffs in a given action is anything but novel. And Plaintiffs are *not* challenging the conduct of "three distinct Business Centers"; Plaintiffs are challenging the Minority Business Development Agency's implementation of a racially discriminatory and unconstitutional business assistance program and seeking broad declaratory and injunctive relief against this nationwide agency. ECF 1: ¶¶ 4–5, 44, 51, A.–B.

In requesting this case to proceed in briefing on a per Plaintiff basis, Defendants would ask the Court to view this matter as if it were three separate cases. But there is only one case here; and it is straightforward, as are the Court's local rules. Defendants have not demonstrated any need to overcomplicate summary judgment proceedings with multiple motions and briefs on behalf of Defendants in a manner far exceeding the local rules. If Defendants desire to address the issue of standing, ECF 34:2, they can do so within the ordinary confines of the local rules governing

numbers of motions. Contrary to Defendants' contentions, the multiple motion and briefing structure proposed would *not* appear to serve the interests of "judicial efficiency" and "clari[t]y," *see id.*, but would likely only create needless confusion, excess, and additional burdens for the Court. *See id.*

Accordingly, Plaintiffs request that the Court **deny** Defendants' request to file, on a per Plaintiff basis, "multiple summary judgment motions" on behalf of Defendants and briefings in support of those motions.

To the extent Defendants propose a 75-page limit for principal briefs, Plaintiffs do not oppose, and would support, Defendants in asking the Court to **grant** this sole request. Remembering the brief colloquy with the Court at the conclusion of the preliminary injunction hearing in May, and the Court's generous invitation for the parties to request additional pages for briefing if needed, Plaintiffs would appreciate the opportunity to ensure that the principal summary judgment briefs submitted by the parties are comprehensive and thorough, and as useful to the Court as possible, and believe that a 25-page increase to the otherwise 50-page limit would accomplish these goals.

Dated October 17, 2023.

                                                        Respectfully submitted,

                                                        WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

*s/ Cara Tolliver*
Richard M. Esenberg *(admitted pro hac vice)*
Daniel P. Lennington *(admitted pro hac vice)*
Cara M. Tolliver *(admitted pro hac vice)*
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455

Facsimile: (414) 727-6385
Rick@will-law.org
Dan@will-law.org
Cara@will-law.org

THE LAW OFFICE OF
JASON NASH, P.L.L.C.
Jason C. Nash (Bar No. 24032894)
601 Jameson Street
Weatherford, TX 76086
Telephone: (817) 757-7062
jnash@jasonnashlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice to all attorneys of record.

*s/ Cara M. Tolliver*
Cara M. Tolliver
