IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEFFREY NUZIARD, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> MINORITY BUSINESS DEVELOPMENT AGENCY, *et al.*, <br><br> Defendants. | Case No. 4:23-cv-00278-P <br><br> District Judge Mark T. Pittman |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Fed. R. Civ. P. 56(a))**

Plaintiffs Matthew Piper, Christian Bruckner, and Jeffrey L. Nuziard filed an equal protection claim that challenges the constitutionality of the Minority Business Development Act insofar as it contains racial and ethnic presumptions for eligibility to participate in MBDA programs, specifically the MBDA Business Center Program. Plaintiffs filed an additional claim under the Administrative Procedure Act challenging the Minority Business Development Agency's Regulations, alleging that the racial and ethnic presumptions therein also violate the Constitution. Defendants—the Minority Business Development Agency, and President Joseph R. Biden, Secretary of Commerce Raimondo, and Under Secretary of Commerce for Minority Business Development Cravins in their official capacities—move for summary judgment on all claims asserted by Plaintiffs. Specifically, Defendants move for summary judgment that:

A. Plaintiff Piper lacks standing to maintain this cause of action because he has not suffered an injury-in-fact that would be redressed by a favorable ruling.

B. Plaintiff Bruckner lacks standing to maintain this cause of action because he has not suffered an injury-in-fact that would be redressed by a favorable ruling.

C. Plaintiff Nuziard lacks standing to maintain this cause of action because he has not suffered an injury-in-fact that would be redressed by a favorable ruling.

D. Even if this Court were to find that one of the Plaintiffs could establish standing, the race-conscious presumptions in the MBDA Business Center program survive a strict scrutiny analysis.

E. Plaintiffs' claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(B), should be dismissed.

Pursuant to local civil rule 56.3(b), each of the matters required by local civil rule 56.3(a) is set forth in the accompanying brief. For the reasons stated therein, and based also on the materials submitted in the attached Appendix presented to demonstrate the absence of genuine disputes of material fact and also to comply with local civil rule 56.5, Defendants request that the Court grant summary judgment in favor of Defendants, enter a final judgment dismissing Plaintiffs' claims in their entirety, and dismissing Plaintiffs' Complaint with prejudice.

Dated: October 27, 2023

    Respectfully submitted,

    KAREN WOODARD
    Chief
    Employment Litigation Section
    Civil Rights Division
    United States Department of Justice

    ANDREW BRANIFF (IN Bar No. 23430-71)
    Deputy Chief

*/s/      Vendarryl Jenkins*
VENDARRYL JENKINS (DC Bar No. 1724928)
CHRISTOPHER WOOLLEY (CA Bar No. 241888)
DAVID REESE (AL Bar No. ASB-0887-I67R)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street NE, 9th Floor
Washington, DC  20530
(202) 598-1671
vendarryl.jenkins@usdoj.gov

Page 3 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice to all attorneys of record.

>
> */s/ Vendarryl Jenkins*
> Vendarryl Jenkins