**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| JEFFREY NUZIARD, *et al.*, | Case No. 4:23-cv-00278-P |
| Plaintiff, | District Judge Mark T. Pittman |
| v. | |
| MINORITY BUSINESS DEVELOPMENT AGENCY, *et al.*, | |
| Defendants. | |

**JOINT MOTION FOR LEAVE TO STAY PRETRIAL DEADLINES
PENDING THE COURT'S RULING ON THE PARTIES' CROSS MOTIONS
FOR SUMMARY JUDGMENT**

Defendants, Minority Business Development Agency, President of the United States, Joseph R. Biden, Jr., United States Secretary of Commerce, Gina M. Raimondo, and Under Secretary of Commerce for Minority Business Development Donald R. Cravins Jr., and Plaintiffs, Jeffrey Nuziard, Matthew Piper and Christian Bruckner (collectively, "the Parties"), have good cause to request this Court stay all upcoming deadlines associated with the trial of this case (Doc. 33, ¶¶ 6-10) pending the Court's ruling on the Parties' cross motions for summary judgment. (Docs. 37, 40). A stay of the upcoming pretrial deadlines will conserve the Parties' resources and further the interests of judicial economy. In support of this Motion, the Parties respectfully submit the following:

1.      On October 27, 2023, the Parties filed cross-motions for summary judgment. (Docs. 37, 40), either of which, if granted, could dispose of this case entirely, without need for a trial.

2.      The motions have been fully briefed and submitted for this Court's consideration as of December 1, 2023. (Docs. 37-48, 54-57).

3.      The deadline for pretrial disclosures is March 13, 2024, with objections due fourteen (14) days later. (Doc. 33).

4.      By March 28, 2024, the Parties must file a witness list, exhibit list, deposition designations, and trial briefs. (*Id.*).

5.      The deadline for the filing of a joint pretrial order is March 29, 2024. (*Id.*).

6.      The deadline for exchange of exhibits is April 8, 2024. (*Id.*).

7.      The deadline for a face-to-face meeting discussing settlement is April 8, 2024. (*Id.*).

8.       By April 15, 2024, a written report detailing the particulars of the settlement conference and evaluating prospects for settlement is due. (*Id.*).

9.      This case is set for trial on the Court's four-week docket beginning April 22, 2024. (*Id.*).

10.     Staying the trial deadlines in this case, under the circumstances, will conserve judicial resources and time and the Parties' resources and time.

11.     A stay, under the circumstances, will cause no prejudice to any party.

## **ARGUMENT**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (U.S. 1936) (citations omitted). The decision to stay proceedings "lies within the sound discretion of the district court." *Weingarten Realty Inv'rs v. Miller*, 611 F.3d 904, 910 (5th Cir. 2011). This power is "incidental to a district court's inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Beebe*, 1995 WL 337666, at *2 (5th Cir. 1995).

Here, there is good cause for staying the upcoming pretrial deadlines. A stay, pending the Court's ruling on the Parties' cross motions for summary judgment will promote judicial economy and preserve the Parties' respective resources. Without a stay, the Parties will need to immediately begin substantial preparation for a trial on issues that are the subject of the Parties' cross motions for summary judgment. The Court's ruling may render trial unnecessary or limit any trial to a subset of factual issues. The resources required to prepare these pretrial filings and disclosures will be substantial and, consequently, expend the Parties' resources that could be preserved until the Court determines whether, and to what extent, this case may be resolved without need for a trial. The result of the Court's ruling on the motions may render many of the pre-trial filings and papers moot.

Accordingly, Plaintiffs and Defendants move this Court to stay all upcoming trial deadlines (Doc. 33, ¶¶ 6-10) pending the Court's ruling on the Parties' cross motions for summary judgment.

## <u>CONCLUSION</u>

WHEREFORE, Defendants and Plaintiffs respectfully request the Court enter an order staying all upcoming pretrial deadlines in this case.

Dated: February 20, 2024

Respectfully submitted,


*Attorney for Defendants*

/s/ Vendarryl Jenkins
VENDARRYL JENKINS (DC Bar No. 1724928)
Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street NE, 9th Floor
Washington, DC 20530
(202) 598-1671 vendarryl.jenkins@usdoj.gov


*Attorney for Plaintiffs*

/s/ Cara Tolliver
CARA M. TOLLIVER (admitted pro hac vice)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Cara@will-law.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice to all attorneys of record.

<u>/s/ Vendarryl Jenkins</u>
Vendarryl Jenkins